IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SAMUEL L. DICKERSON, # K-99284, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-cv-742-NJR |
| | ) | |
| HAROLD W. SCHULER, | ) | |
| ZACHARY S. ROECKEMAN, | ) | |
| MICHAEL E. SANDERS, | ) | |
| and RANDY S. VALDEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  His claims arose while he was confined at Big Muddy River Correctional Center ("BMRCC").  Plaintiff is serving concurrent three-year sentences for aggravated battery and theft.  He claims that Defendants wrongfully punished him for writing a threatening letter after his request to be moved away from a dangerous cellmate was denied.

Plaintiff explains that he had written letters to Defendant Warden Roeckeman and other BMRCC staff explaining that he was in fear of attack from inmates who were members of gangs. Specifically, his cellmate had threatened to throw boiling water in Plaintiff's face and beat him to death with a fan (Doc. 1, p. 13).  However, no action was taken to protect Plaintiff.  He includes a May 7, 2014, letter from Defendant Roeckeman which states that Plaintiff's reported threats could not be substantiated (Doc. 1, p. 5).  Plaintiff does not state that he suffered any actual attack from his cellmate or any other inmate.

On April 9, 2014, prior to receiving Defendant Roeckeman's letter, Plaintiff wrote a letter that resulted in disciplinary charges (Doc. 1, p. 7).  His letter was written to Clinical Services, which forwarded it to Internal Affairs for review.  Plaintiff wrote, "I will raise money once released to form an Army of suicidal soldiers to do bombings, shoot-outs or anything possible to kill as many U.S. citizens as possible and bring down this government of unjustice." *Id*.  Based on this language, Defendant Schuler (of Internal Affairs) charged Plaintiff with Intimidation or Threats and Dangerous Communications.  Defendants Sanders and Valdez conducted Plaintiff's disciplinary hearing.  Plaintiff admitted that he wrote the letter, but in his defense asserted that the only reason he did so was to get attention and to be able to talk to the warden, because his requests for protection had elicited no response, and he was under "severe duress" (Doc. 1, pp. 7, 13).

Defendants Sanders and Valdez found Plaintiff guilty of both infractions, and he was punished with six months in segregation, the loss of one month of good conduct credit, and a disciplinary transfer (Doc. 1, p. 7).  His punishment also included a demotion to C-Grade and restriction from commissary, gym, and yard, all of six months' duration.  Defendant Roeckeman approved these disciplinary sanctions.  As a result, Plaintiff was taken out of his educational program, losing the chance to earn additional good conduct credit (Doc. 1, p. 13).  Further, he claims that he is being "starved" in segregation, is not being rehabilitated, and is suffering mentally.  He seeks compensatory and punitive damages (Doc. 1, p. 14).

Plaintiff includes several other grievances, responses, and other documents with his complaint (Doc. 1, pp. 6, 9-11).  Some of these mention his dissatisfaction with medical and mental health treatment at BMRCC, but his statement of claim does not include any request for relief based on this information.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

An allegation that a prisoner has been found guilty of a falsified disciplinary report does not state a claim where due process is afforded. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). There is no Fourteenth Amendment violation if the accused inmate is given a subsequent hearing on the charges in which the inmate is afforded the procedural protections outlined in *Wolff v. McDonnell*, 418 U.S. 539 (1974) (advance written notice of the charge, right to appear before the hearing panel, the right to call witnesses if prison security allows, and a written statement of the reasons for the discipline imposed). The Seventh Circuit reasoned that prisoners have a right "to be free from arbitrary actions of prison officials," *Hanrahan*, 747 F.2d at 1140, but determined that the procedural protections outlined in *Wolff* provided the appropriate protection against arbitrary actions taken by a correctional officer such as issuing the inmate a fabricated conduct violation.

Here, Plaintiff does not suggest that he was denied any of the procedural protections in *Wolff.* More to the point, he does not even claim that the disciplinary charges were false – he admitted that he authored the letter which contained the threats of violence. He appears to believe that his actions should have been excused because he was under duress from the lack of response to his plea for protection from gang members. However, Defendants had no obligation to accept this defense, and Plaintiff's admission provided sufficient evidentiary support for the

finding of guilt.  *See Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007); *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994) (to satisfy due process, disciplinary decision must be supported by "some" evidence, but even a meager amount will suffice).

Plaintiff's loss of access to the educational program in which he had formerly been enrolled, as well as the restrictive conditions of segregation, are the direct result of his own action in writing the threatening letter.  Based on the factual allegations in the complaint, the Defendants did not violate Plaintiff's constitutional rights.  Therefore, this action shall be dismissed for failure to state a claim upon which relief may be granted.

**Pending Motions**

Because this action shall be dismissed, Plaintiff's motions for recruitment of counsel (Doc. 3), service of process at government expense (Doc. 4), and duplicate motions for summary judgment (Docs. 7 & 9) are **DENIED AS MOOT.**

Plaintiff's "Motion of Retaliation" (Doc. 11), filed on July 16, 2014, is also **DENIED** without prejudice to Plaintiff bringing his claims in a separate lawsuit, should he decide to pursue them further.  In this motion, Plaintiff states that he is being housed in Pinckneyville with a "violent Chicago gang member" who engages in intimidating behavior (Doc. 11, p. 1). Plaintiff also states that his current segregation cell lacks ventilation, he has been denied hygiene items, is not being properly fed, and is not receiving medications for his mental health conditions (Docs. 10, 11).

Any claim(s) which Plaintiff may have regarding the conditions of his confinement at Pinckneyville must necessarily involve different Defendant(s) than those named herein, all of whom work at BMRCC.  Such claims may not be brought in the instant case.  *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in

separate lawsuits).   Plaintiff must file a new action if he believes he has a constitutional claim against Pinckneyville officials.  Nothing herein is intended to be a commentary on the merits of such a lawsuit.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  Defendants **SCHULER, ROECKEMAN, SANDERS,** and **VALDEZ** are **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e)[1] may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).

The Clerk of Court shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 21, 2014**

Digitally signed by Nancy J
Rosenstengel
Date: 2014.07.21 09:55:28
-05'00'

_____
Honorable Nancy J. Rosenstengel
United States District Judge